IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUSTIN WYKOFF, ) | |
| Reg. No. 09352-073, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:19-CV-72-WHA |
| ) | |
| WALTER WOODS, et al., ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

This case is before the court on a 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Justin Wykoff, a federal inmate confined in the Maxwell Federal Prison Camp at the time he filed this civil action.  In this petition, Wykoff challenges the constitutionality of a disciplinary lodged against him on August 28, 2018 for improper use of mail other than criminal arising from his alleged communication via e-mail with an entity who was not listed as an approved correspondent on his contact list which resulted in a loss of good time credits.  Doc. 1 at 2; Doc. 1-1.  In a claim completely unrelated to the disciplinary challenge, Wykoff alleges that the Bureau of Prisons ("BOP") has failed to immediately recalculate his sentence and correct his Good Conduct Time ("GCT") credit in accordance with the provisions of the First Step Act enacted in December of 2018.

After a thorough review of the response filed by the respondents and in accordance with applicable federal law, the court finds that Wycoff's claim requesting immediate

calculation of his good time under the First Step Act of 2018 is due to be dismissed without prejudice as this claim is premature.

## II.  DISCUSSION

### A.  Jurisdiction

The law is well-settled that a 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location or execution of his sentence.  *See Lopez v. Davis*, 531 U.S. 230, 236 (2001); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2005); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).  Here, Wykoff challenges the constitutionality of a disciplinary which resulted in a loss of good time credits and alleges the BOP has failed to calculate good time credits pursuant to the First Step Act of 2018. These claims are proper for review under 28 U.S.C. § 2241.  "Jurisdiction is determined at the time the action is filed[.]"  *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994). Thus, venue is proper before this court as Wykoff was incarcerated in this district at the time he filed the instant petition.  *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991) (holding that, generally, a 28 U.S.C. § 2241petition for habeas corpus relief "may be brought only in the district court . . . in which the inmate is incarcerated."); *Brown v. Warden of FCI Williamsburg*, 2019 WL 1780747, at *2 (D.S.C. Mar. 25., 2019), Report and Recommendation adopted, 2019 WL 1773382 (D.S.C. Apr. 23, 2019) ("A petition under § 2241must be brought against the warden of the facility where the prisoner is being

held [at the time he files the petition], 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. [426,] 434–35 (2004), and 'in the district of confinement rather than in the sentencing court,' *Miller*, 871 F.2d at 490.").

## B. Calculation of Good Time Credits

Wykoff complains that the BOP has failed to immediately recalculate his sentence and correct his award of GCT credit according to the First Step Act of 2018. With respect to this claim, the respondents argue that "[t]his particular change does not become effective until the Attorney General completes, within 210 days of the [First Step Act's] passage, [sometime in July of 2019,] a 'risks and needs assessment system.' *See* FSA, Sections 101(a) & 102(b)(2)." Doc. 32 at 4.

> Section 102(b)(1) of the First Step Act amended 18 U.S.C. § 3624(b) and therefore altered the availability of good-time credit for federal inmates. Specifically, it increased the maximum allowable good-time credit from 47 days to 54 days per year, and directed the BOP to calculate good-time credit from the beginning of the year rather than the end. However, these provisions do not take effect until the Attorney General completes the "risk and needs assessment system," which must be completed within 210 days after December 21, 2018, as provided by sections 101(a) and 102(b)(2) of the First Step Act. *See Schmutzler v. Quintana*, No. 5:19-046-DCR, 2019 WL 727794, at *2 (E.D. Ky. Feb. 20, 2019). Thus, section 102(b)(1) "will not take effect until approximately mid-July 2019." *Christopher v. Wilson*, No. 4:19-cv-214-O, 2019 WL 1745968, at *1 (N.D. Tex. Apr. 18, 2019). Accordingly, [Petitioner's] argument that he is entitled to immediate relief lacks merit, and his request for a recalculation of his good-time credit based upon the amendments is premature. *See Schmutzler*, 2019 WL 727794, at *2 (summarily dismissing § 2241 petition based on delayed effective date of the First Step Act as premature and because petitioner failed to exhaust administrative remedies); *see also Brown v. Warden of FCI Williamsburg*, No. 8:19-cv-00546-HMH-JDA, 2019 WL 1780747, at *6–7 (D.S.C. Mar. 25, 2019); *Rizzolo v. Puentes*, No. 1:19-cv-00290-SKO-HC, 2019 WL 1229772, at *3 (E.D. Cal. Mar. 15, 2019) (same); *Sheppard v. Quintana*, No. 5:19-cv-084-DCR, 2019 WL 1103391, at *2 (E.D. Ky. Mar. 8, 2019) (same); *Sennett v. Quintana*, No. 5:19-cv-085-JMH, 2019 WL 1085173, at *2 (E.D. Ky. Mar.

3

7, 2019) (same)[;] [*Pizarro v. White*, No. 1:19-CV-343, 2019 WL 1922437, at *1 (M.D. Pa. Apr. 30, 2019) (same); *Kornfeld v. Puentes*, No. 119CV00263JLTHC, 2019 WL 1004578, at *3 (E.D. Cal. Mar. 1, 2019) (same)].

*Crittendon v. White*, No. 1:19-CV-669, 2019 WL 1896501, at *1 (M.D. Pa. Apr. 29, 2019). Wykoff's request for immediate recalculation of his sentence based on the good time provisions set forth in the First Step Act of 2018 is therefore premature and subject to dismissal at this time.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.  To the extent the petitioner seeks an immediate award of good time credit under the provisions of the First Step Act of 2018, this claim be dismissed without prejudice as such claim is premature.

2. This case, with respect to the petitioner's challenges to the constitutionality of his disciplinary, be referred back to the undersigned for additional proceedings.

It is further ORDERED that on or before **May 28, 2019** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive

the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 14th day of May, 2019.

          /s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE