IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUSTIN WYKOFF, ) | |
| Reg. No. 09352-073, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:19-CV-72-WHA |
| ) | |
| WALTER WOODS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I. INTRODUCTION**

This case is before the court on a 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Justin Wykoff, a federal inmate who was confined in the Maxwell Federal Prison Camp at the time he filed this civil action. In this petition, Wykoff challenges the constitutionality of a disciplinary lodged against him on August 28, 2018 for improper use of mail arising from his alleged communication via e-mail with an entity who was not listed as an approved correspondent on his contact list. This disciplinary resulted in a loss of good time credits and other sanctions. Doc. 1 at 2; Doc. 1-1.

Specifically, he alleges his due process rights were violated because 1) he was prevented from presenting documentary evidence at the disciplinary hearing; 2) the investigating officer failed to include petitioner's complete statement in his report; 3) the investigating officer incorrectly stated that the petitioner requested no witnesses; 4) the investigating officer did not provide the petitioner with any "Attached Documentation"

referenced in his investigatory report; 5) the disciplinary resulted from retaliation from a prior confrontation with Captain Robert Shank and retaliation by other staff members responsible for implementing the disciplinary charge; 6) the Disciplinary Committee failed to accept the petitioner's exculpatory evidence; 7) the disciplinary hearing notice failed to set forth the precise date for the hearing; 8) during the Unit Disciplinary Committee hearing and the disciplinary hearing, the petitioner was denied his right to call witnesses and present documentary evidence; 9) the hearing officer conducted the disciplinary hearing via telephone which denied the petitioner the right to provide exculpatory evidence to her; 10) the petitioner was unduly delayed a copy of the disciplinary report thereby depriving him of access to the administrative remedy; 11) the BOP's administrative remedy was not available to him because prison staff denied him the necessary form to utilize the remedy; 12) the petitioner is entitled to expungement of the challenged disciplinary and return of good time taken from him based on the disciplinary because his claims show that he did not receive due process; 13) the hearing officer was "biased and dishonest" preventing his receipt of due process. (Docs. 35 and 37).

Wykoff asks the court to 1) require the bureau of prisons to expunge petitioner's disciplinary record; 2) remove all sanctions (loss of commissary, email, phone, visitation); 3) return twenty-seven days of good-time credit taken for improper disciplinary action; 4) provide for the immediate departure to Indianapolis/Evansville (Indiana) halfway house by or before January 24, 2019 as previously scheduled; 5) provide for the allowance per the First Step Act of 2018 all 54 days of good-time credit. (Doc. 1 at p. 7).

The respondents filed special reports and relevant evidentiary materials addressing the claims for relief raised by Wykoff. (Docs. 32 and 42). In these filings, the respondents deny that they violated Wykoff's constitutional rights. The petitioner has filed responses to these reports. (Docs. 35 and 44). Following the filing of the first report, this court dismissed as premature and without prejudice petitioner's claim seeking immediate award of good time credit under the provisions of the First Step Act of 2018 and referred to the Magistrate Judge for additional proceedings petitioner's claims challenging the constitutionality of the disciplinary action for improper use of the mail. (Doc. 38).

On March 21, 2019, the petitioner was transferred to the Volunteers of America Residential Re-entry Center (RRC) located in Indianapolis, Indiana. (Doc. 26). On April 30, 2019, the petitioner was released to home confinement in Mitchell, Indiana to serve the remainder of his sentence. He was released on June 20, 2019. (Doc. 32-1 and Doc. 44 at p. 42). Against this procedural backdrop, the Court now turns its attention to the petitioner's remaining claims.

## II.  DISCUSSION

### A.  Jurisdiction

The law is well-settled that a 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location or execution of his sentence. *See Lopez v. Davis*, 531 U.S. 230, 236 (2001); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006). Here, Wykoff challenges the constitutionality of a disciplinary which resulted in a loss of good time credits. Thus, these claims are proper for review under 28 U.S.C. § 2241. Furthermore, "[j]urisdiction is determined at the time the action

is filed[.]" *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994). Also, venue is proper before this court as Wykoff was incarcerated in this district at the time he filed the instant petition. *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991) (holding that, generally, a 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only in the district court . . . in which the inmate is incarcerated.").

Accordingly, because the petitioner was incarcerated in the Middle District of Alabama when he filed this 2241 petition challenging the execution of his sentence, this court has jurisdiction over this action and venue is proper. However, the court is mindful of the petitioner's subsequent transfer to Indiana and his June 20, 2019 release from federal custody. (Doc. 32-1 and Doc. 44 at p. 42). Thus, the court will now consider the petitioner's release from custody and its affect upon this action.

### B. Mootness

Wykoff is no longer confined at the local Volunteers of America Residential Re-entry Center in Indianapolis, Indiana, having completely discharged the incarcerative portion of his federal sentence. (Doc. 32-1 and Doc. 44 at p. 42). Wykoff's term of imprisonment has, therefore, expired. Thus, the question in this case is whether dismissal is warranted, because the case has been made moot by Wykoff's release.

Because a habeas petition challenges prison officials' authority to keep a prisoner in custody, in general, the petitioner's release moots a habeas petition. *See Lane v. Williams,* 455 U.S. 624, 632 (1982). However, a petition is not moot if the released prisoner can show that the challenged conviction will cause him to suffer some future collateral consequences. *Id.; Carafas v. Lavalle,* 391 U.S. 234 (1968). Thus, where the petition

4

challenges the validity of the petitioner's underlying conviction, he can often satisfy the case-or-controversy requirement of Article III of the Constitution by showing that the conviction affects his ability to vote, engage in certain businesses, serve as juror, or hold public office. *Carafas,* 391 U.S. at 237. While the presumption of collateral consequences may comport with the reality in the context of criminal convictions, the Supreme Court has held that the same cannot be said for other situations where a conviction is not being attacked. *Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998). *See also Lane,* 455 U.S. at 624 (holding that where prisoner only challenges his sentence, and not his conviction, *Carafas* does not apply). Accordingly, *Spencer* dictates a cautious approach to the presumption of collateral consequences, requiring the petitioner to affirmatively allege and demonstrate such consequences. *See Beachem v. Schriro,* 141 F.3d 1292, 1294 (8th Cir.) (citing *Spencer,* 523 U.S. at 12-14), *cert. denied,* 525 U.S. 938 (1998).

In the instant petition, Wykoff does not challenge the validity of his underlying conviction or sentence. Rather, he only challenges the execution of his sentence as affected by a disciplinary which he alleges violated his constitutional rights. Specifically, Wykoff challenges prison officials' disciplinary action against him which resulted in his loss of good conduct time and other sanctions. Thus, he asks this court to expunge his disciplinary record, removal of all sanctions, return his good time credit and provide for immediate departure to Indiana halfway house. (Doc. 1 at p. 7). It is undisputed that Wycoff was transferred to the re-entry center in Indiana on March 21, 2019, was thereafter released to home confinement in Mitchell, Indiana to serve the remainder of his sentence and he was released from custody on June 20, 2019. (Doc. 32-1 and Doc. 44 at p. 42).

Since Wykoff has been released from federal custody, he must show that the disciplinary action itself will cause (or is still causing) him to suffer some actual, future harm and that a writ of habeas corpus can prevent this harm. As indicated, the principles enunciated by *Spencer* militate against a presumption of collateral consequences, and Wykoff has made no demonstration whatsoever that he will suffer any collateral consequences from the subject disciplinary proceeding and sanctions. In fact, he is no longer subject to the disciplinary sanctions, and is not suffering any current consequence of the disciplinary proceeding. Indeed, the mere possibility of future consequences is too speculative to give rise to a case or controversy. *Spencer,* 523 U.S. at 1. *See also Bailey v. Southerland,* 821 F.2d 277 (5th Cir.1987) (holding habeas petition challenging prison discipline for insolence and failure to obey moot after petitioner's release). Dismissal of this petition is therefore appropriate as moot based upon the expiration of Wykoff's incarcerative sentence and his release from federal custody.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that the 28 U.S.C. §2241 petition for habeas corpus relief filed by Justin Wycoff be dismissed as Moot because a favorable decision on the merits would not entitled him to any relief.

It is further ORDERED that on or before **February 4, 2021** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of January, 2021.

                                            /s/   Charles S. Coody
                                    UNITED STATES MAGISTRATE JUDGE